Case 3:21-cv-00513-E Document 2-2 Filed 03/05/21 Page 1 of 9 PageID 14

FILED
2/2/2021 4:26 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-21-00422-D

| | | |
|---|---|---|
| COURTNEY SEWELL, | § | IN THE COURTY COURT AT LAW |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | NO. ____ |
| | § | |
| EXEL INC. D/B/A DHL SUPPLY CHAIN (USA); and KOHLER CO., | § | |
| | § | |
| *Defendants.* | § | OF DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** COURTNEY SEWELL (hereinafter sometimes called "Plaintiff") complaining of and about EXEL INC. D/B/A DHL SUPPLY CHAIN (USA) and KOHLER CO. (hereinafter sometimes "Defendants"), and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.1. Plaintiff intends to pursue this as a Level 3 case. Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff respectfully requests that the Court enter a Level 3 Discovery Order setting forth: (i) a date or trial; (ii) a discovery period during which either all discovery must be conducted or all discovery requests must be served; (iii) deadlines for amending or supplementing pleadings; (iv) deadlines for filing affidavits pursuant to CPRC § 18.001; and (v) deadlines for designating expert witnesses.

### II.
### PARTIES AND SERVICE

2.1. Plaintiff, COURTNEY SEWELL, is an individual who at all relevant times was a

resident of Duncanville, Texas. The last three digits of Plaintiff's driver's license number are 642, and the last three digits of his Social Security number are 516.

2.2. Defendant EXEL INC. D/B/A DHL SUPPLY CHAIN (USA) is a foreign for-profit corporation. Defendant EXEL INC. D/B/A DHL SUPPLY CHAIN (USA) may be served with process by serving the registered agent of said company, CT CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201. Service of said Defendant as described above can be effected via certified mail, return receipt requested or by personal delivery.

2.3. Defendant KOHLER CO. is a foreign for-profit corporation. Defendant KOHLER CO. may be served with process by serving the registered agent of said company, CT CORPORATION SYSTEM, at 1999 BRYAN ST., STE. 900, DALLAS, TX 75201. Service of said Defendant as described above can be effected via certified mail, return receipt requested or by personal delivery.

### III.
### JURISDICTION AND VENUE

3.1. The subject matter in controversy is within the jurisdictional limits of this court.

3.2. Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

3.3. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

3.4. Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort or torts in whole or in

part in Texas

3.5.  As required by Rule 47(c), TEXAS CIVIL PRACTICE AND REMEDIES CODE, Plaintiff's counsel states that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, and Plaintiff demands judgment for all the other relief to which she is deemed justly entitled. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate and as allowed by law.

3.6.  Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## FACTS

4.1.  On or about Wednesday, February 6, 2019, at or around 5:20 PM Plaintiff was at the KOHLER CO. warehouses located at 2020 N Polk St, DeSoto, TX 75115, in Dallas County (the "Subject Premises") during normal business hours, engaged in employment activities related to his employment with EXEL INC. D/B/A DHL SUPPLY CHAIN (USA). Based on information and belief, at all relevant times herein, the Subject Premises where Plaintiff was working, and equipment used therein, was owned, managed, possessed, operated, and/or under the control of Defendants KOHLER CO. and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA).

4.2.  As Plaintiff was at the Subject Premises performing his usual work duties inside the cab of a forklift, he was suddenly, unexpectedly, and without warning, forcefully hit when product fell from another forklift being driven by one of KOHLER CO.'s and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA)'s employees, striking Plaintiff violently in his left

upper torso while he remained inside the cab of his vehicle.

4.3.     At all times material hereto, there were no warnings provided to Plaintiff to warn him of the hazardous activities and condition posed by the other forklift operator while driving another forklift that had failed to secure the product that was being transported.

4.4.     After the incident Plaintiff immediately began to feel pain in his body, particularly his left upper extremity where is suffered torn ligaments and other injuries. Plaintiff was taken for medical treatment of his acute injuries.    Plaintiff's doctors identified injuries and provided Plaintiff with medical care and a treatment plan.

4.5.     Based on information and belief, at all times material hereto, Defendants were the owners, possessors, and operators, in control of and/or actively working and exercising control of the area and equipment inside the Subject Premises where Plaintiff was injured by a KOHLER CO. and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA) employee.

4.6.     Defendants, as owners and/or possessors and/or operators in control of the premises and equipment owed Plaintiff a duty to exercise reasonable care for his safety.

4.7.     All of Plaintiff's injuries occurred as a direct result of the KOHLER CO.'s and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA)'s employee's negligent use of equipment and/or negligent activities inside the Subject Premises and were proximately caused by the dangerous activities described herein.

## V.
## PLAINTIFF'S CLAIMS OF RESPONDEAT SUPERIOR

5.1.     Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-4.7 above as if same were set forth at length herein.

5.2.     At the time of Plaintiff's incident and his resulting injuries and immediately prior thereto, based on information and belief, various managers and employees were acting

within the course and scope of their employment for Defendants.

5.3.     At the time of Plaintiff's incident and his resulting injuries and immediately prior thereto, on further information and belief, various managers, and employees were engaged in the furtherance of Defendants' business.

5.4.     At the time of Plaintiff's incident and his resulting injuries and immediately prior thereto, on further information and belief, various managers and employees were engaged in accomplishing a task for which they were employed by Defendants.

5.5.     Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendants.

5.6.     Plaintiff contends that Defendants, by and through agents, servants and/or employees are liable for the negligent activity and dangerous conditions inside the Subject Premises that resulted in the incident in question and for failing to exercise reasonable care for Plaintiff's safety.

## VI.
## CAUSES OF ACTION

6.1.     Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-5.6 above as if same were set forth at length herein.

### NEGLIGENT ACTIVITY

6.2.     Upon information and belief, Plaintiff would show that Defendant KOHLER CO. and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA), through agents, servants, and/or employees, were negligent on the occasion in question by causing and/or creating an unreasonably dangerous condition to exist and/or by engaging in a negligent activity(ies) on the Subject Premises.     In order to prove his claim for negligent activity, Plaintiff would show that his injuries resulted from a "contemporaneous activity itself rather than from a condition created on the premises by the activity..."     *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006)

citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.10992).

6.3. Upon information and belief, Plaintiff alleges that, upon the occasion in question, Defendant KOHLER CO. and/or EXEL INC. D/B/A DHL SUPPLY CHAIN (USA), as employer, and/or possessor, controller, occupier and/or agent of said owner, possessor, controller, and/or occupier of the Subject Premises, forklift, and forklift operator, failed to use ordinary care by various acts and omissions in at least the following ways:

    a. Negligently operating a forklift while transporting merchandise;
    b. Negligently securing merchandise to a forklift for transport;
    c. Failing to exercise ordinary care in conducting its business activities;
    d. Failing to safely and prudently transport merchandise by forklift;
    e. Creating and causing an unreasonably dangerous condition to exist in the transport of merchandise by forklift;
    f. Failing to exercise ordinary care in barricading its business activity from personnel nearby;
    g. Failure to use reasonable care in training and/or supervising its employees; and
    h. Failure to recognize, correct, warn, and/or barricade an unreasonably dangerous activity from personnel nearby.

**NONSUBSCRIBER**

6.4. Upon information and belief, Plaintiff alleges that, upon the occasion in question, Defendant EXEL INC. D/B/A DHL SUPPLY CHAIN (USA), as Plaintiff's employer, is a non-nonsubscriber to Texas Workman's Compensation, and that Defendant EXEL INC. D/B/A DHL SUPPLY CHAIN (USA) has, therefore, waived all of its common law defenses otherwise available in a negligence cause of action including: (1) contributory or comparative negligence; (2) assumption of risk; and (3) negligence of a fellow employee. Tex. Lab. Code Ann. § 406.033(a), (b).

### VII.
### PROXIMATE CAUSE

7.1. Plaintiff realleges and incorporates the facts and allegations that are set forth in

paragraph nos. 1-6.4 above as if same were set forth at length herein.

7.2.   Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## DAMAGES FOR PLAINTIFF

8.1.   Plaintiff realleges and incorporates the facts and allegations that are set forth in paragraph nos. 1-7.2 above as if same were set forth at length herein.

8.2.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff suffered physical injuries and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the Court:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

   B. Reasonable and necessary medical care and expenses which will, in reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Mental anguish in the past

   E. Physical impairment in the past;

   F. Disfigurement in the past;

   G. Lost wages in the past;

   H. Physical pain and suffering in the future;

   I. Mental anguish in the future

  J. Physical impairment which, in reasonable probability, will be suffered in the future;

  K. Disfigurement in the future; and

  L. Lost wages and/or loss of earning capacity which, in reasonable probability, will be suffered in the future.

8.3. Plaintiff reserves the right to add to the list of damages that is set forth above upon further investigation.

8.4. By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court.

## IX.
## MISNOMER, ALTER-EGO and ASSUMED NAME

9.1. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties names herein. Plaintiff relies upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the Texas Rules of Civil Procedure in order to properly identify the corporate Defendants herein.

## X.
## DISCOVERY

10.1. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendants, each separately, to disclose within thirty (30) days after the filing of the first answer, the information and material described in Rule 194.2, 194.3, and 194.4 of the Texas Rules of Civil Procedure.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, COURTNEY SEWELL, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing

of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

                                      Respectfully submitted,

By:   */s/ Geoffrey E. Schorr*
      Geoffrey E. Schorr
      Texas Bar No. 24029828
      geoff@schorrfirm.com
      A. Jared Aldinger
      Texas Bar No. 24068456
      jared@schorrfirm.com
      Hutton W. Sentell
      Texas Bar No. 24026655
      hutton@schorrfirm.com

**SCHORR LAW FIRM, P.C.**
328 W. Interstate 30, Suite 2
Garland, TX   75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**